FILED

JUN 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN FORESTAL, derivatively and on behalf of STAAR Surgical Company,<br><br>        Plaintiff-Appellant<br><br>v.<br><br>BARRY G. CALDWELL, et al.<br><br>        Defendants-Appellees. | No.   17-55145<br><br>D.C. No.<br>2:16-cv-04492-MWF-GJS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted June 8, 2018[**]
Pasadena, California

Before: LIPEZ,[***] TALLMAN, and OWENS, Circuit Judges.

Before a shareholder can bring a derivative action on behalf of a company, he must either present the action to the company's board of directors, or show in his

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

complaint that doing so would have been futile because at least half of the board was incapable of making an impartial decision regarding the litigation. *See* Fed. R. Civ. P. 23.1(b)(3); *La. Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1057-58 (9th Cir. 2016). Plaintiff Kevin Forestal filed this derivative action against nominal defendant STAAR Surgical Company, certain of its executives, and its board of directors (collectively, "STAAR") without first presenting his suit to the board. The district court dismissed the action after finding that demand would have been futile as to only three of STAAR's eight directors. On appeal, Forestal argues that the district court abused its discretion by finding that demand on a fourth director, STAAR's director-CEO Caren Mason, was not futile. We affirm.

STAAR is a Delaware corporation based in California that markets and manufactures implantable eye lenses. Forestal's complaint alleges that the company failed to disclose to its investors a series of FDA violations related to its manufacturing process. On the date that Forestal filed his complaint, three of STAAR's eight directors were also directors when the company allegedly failed to disclose the violations, and potentially faced personal liability in the suit. The district court determined that demand was futile as to those directors.

Caren Mason was not yet a director or the CEO when the company allegedly

failed to disclose the violations.[1] Forestal nonetheless offers two reasons why demand on Mason would have been futile. First, he contends that Mason was conflicted because the directors -- three of whom may have faced personal liability in the derivative suit -- controlled her compensation and benefits. Second, he argues that STAAR's decision to list Mason as not "independent" under the NASDAQ's definition of that term made her non-independent for demand-futility purposes. *See* NASDAQ Marketplace Rule 5605(a)(2).[2]

The parties agree that Delaware law governs whether Forestal has adequately alleged that demand on Mason would have been futile. And, the parties agree that under Delaware law the standard for assessing demand futility applicable to this case is whether "the particularized factual allegations of [Forestal's] complaint create a reasonable doubt that, as of the time the complaint is filed, [Mason] could have properly exercised [her] independent and disinterested business judgment in responding to a demand." *Rales v. Blasband*, 634 A.2d 927, 934 (Del. 1993).

Applying this standard, we first conclude that Mason's status as a director-executive did not create a reasonable doubt as to her independence or

---

[1] The last alleged failure to disclose occurred in May 2014. Mason became a director in June 2014 and became CEO in March 2015. She is not named in the complaint's substantive allegations.

[2] Available online at http://nasdaq.cchwallstreet.com/nasdaq/main/nasdaq-equityrules/chp_1_1/chp_1_1_4/chp_1_1_4_3/chp_1_1_4_3_8/default.asp.

disinterestedness. As the district court correctly observed, the fact that a director-executive's compensation is set by the board is ordinarily not enough to show demand futility under Delaware law. There must be something more -- usually, a controlling relationship between the director-executive and a person implicated in the derivative suit, or some other conflict with the suit. *See, e.g.*, *Sandys v. Pincus*, 152 A.3d 124, 128 (Del. 2016); *Rales*, 634 A.2d at 930, 937; *In re Tyson Foods, Inc.*, 919 A.2d 563, 584 & n.41 (Del. Ch. 2007). Forestal's complaint, however, alleges nothing beyond the ordinary relationship between a director-executive and her fellow board members.

Mason's classification as a non-independent director under the NASDAQ's rules is also a non-starter. NASDAQ Marketplace Rule 5605(a)(2) defines "Independent Director," in relevant part, as "a person *other than an Executive Officer* or employee of the Company or any other individual having a relationship which, in the opinion of the Company's board of directors, would interfere with the exercise of independent judgment in carrying out the responsibilities of a director." (Emphasis added.) Since Mason was an executive officer, she was per se non-independent under the NASDAQ rule. Though the NASDAQ's judgment that executives, like Mason, must be classified as non-independent is relevant to the demand-futility analysis, it is -- without more -- not dispositive. *See Sandys*, 152 A.3d at 131 ("[T]he Delaware independence standard is context specific and does

not perfectly marry with the standards of the stock exchange in all cases.").

Forestal relies on *Sandys* to support his argument that Mason's classification as non-independent under the NASDAQ rule makes her non-independent for demand futility purposes. That case is materially distinguishable for a number of reasons. Most pertinently, the two conflicted directors in *Sandys* were listed as non-independent because they had "a relationship which, in the opinion of the Company's board of directors, would interfere with the exercise of independent judgment in carrying out the responsibilities of a director." *Id.* at 133 (quoting NASDAQ Marketplace Rule 5605(a)(2)). Hence, the two directors' classification as non-independent under the NASDAQ rule was the product of the board's business judgment, rather than a per se application of the NASDAQ rule.

For these reasons, we hold that the district court did not abuse its discretion by finding that demand on Mason was not futile.[3]

**AFFIRMED.**

---

[3] We deny as moot STAAR's request for judicial notice (Dkt. No. 16).